# United States District Court
## For the Western District of Virginia
### Harrisonburg Division

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) ) ) ) ) ) ) ) ) ) ) | Criminal No: 5:13cr00022 |
| v. | | **REPORT AND RECOMMENDATION** |
| **JAMES CHRISTOPHER CLEMENT,** | | By: James G. Welsh |
| *Defendant* | | U. S. Magistrate Judge |

On August 29, 2013 came the United States of America, by counsel, and came also the defendant, in his own proper person and by counsel. At which time counsel for the parties jointly represented that the parties had entered into a written plea agreement, pursuant to which the defendant desired to waive his absolute right to grand jury presentment and to permit the filing of a criminal Information charging him with knowingly traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, as defined in 18 U.S.C. § 2423(f), with another person under the age of 18 years.

The court then received for filing the Information charging in **Count One** that beginning on or about November 21, 2010, and continuing until on or about November 23, 2010, in the Western District of Virginia and elsewhere, the defendant, JAMES C. CLEMENT, knowingly traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, as defined

in Title 18 United States Code, Section § 2423(f), with another person under the age of 18 years, all in violation of Title 18, United States Code, Section 2423(b). *See* Rule 7(c).

In accordance with the provisions of Title 28 U.S.C. § 636(b) and with the express consent of the defendant and his counsel, an initial appearance, waiver of indictment, arraignment, and a plea hearing were conducted before the undersigned on August 29, 2013. The proceedings were recorded by a court reporter. *See* Rule 11(g). The United States was represented by Ronald M. Huber, Assistant United States Attorney. The defendant was at all times present in person and with his counsel, Joel C. Hoppe, Assistant Federal Public Defender.

After the defendant was placed under oath, he stated that he understood his obligation to testify truthfully in all respects under penalty of perjury, and he understood the government's right in a prosecution for perjury or false statement to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A). The defendant then testified that his name is JAMES CHRISTOPHER CLEMENT; he is thirty-five (35) years of age, and he has a high school education and two years of college level class work. He represented that he can read, write and understand the English language without difficulty, that he has no medical condition, either physical or mental, which might interfere with his ability to understand and participate fully in the proceeding, that he is using no medication or drugs which might impair his ability to understand and participate in the proceeding, and that his mind is clear. The defendant's attorney then stated that he had no reservations about his client's competency either to waive grand jury indictment or to plead guilty to the charge contained in the one-count Information.

## DEFENDANT'S RESPONSES TO RULE 7 INQUIRY

The defendant testified that he had discussed the illicit sexual conduct charge set forth in the Information with his attorney, that he had previously received a copy of the Information and had read it, that he fully understood the charge, and that he knew it charged him with a felony offense for which he could be sentenced to a significant term of imprisonment. *See* Rule 7(b). He further testified that he knew he had an absolute constitutional right to be charged with the offense pursuant to a grand jury indictment; he stated that he understood a grand jury might not find probable cause to believe he had committed the alleged offense, that a grand jury might not return an indictment against him on the charge, that his waiver of indictment represented a voluntary relinquishment of his constitutional right to grand jury presentment, and that it would mean that the charge in the Information would proceed as though he had been indicted. *See* Rule 7(b). Upon further questioning, the defendant confirmed that no threats or promises had been made to induce him to waive grand jury indictment and that his decision to proceed on the charged offense by Information was fully voluntary.

The defendant's counsel then confirmed that he had discussed with his client the issues related to a waiver of indictment on the offense charged in the Information, that his client fully understood his right to indictment by grand jury, and that the decision of the defendant to waive indictment on the charge was fully voluntary on his part.

After acknowledging his signature on the written Waiver of Indictment, it was received, filed and made a part of the record. The Information formally charging the defendant with knowingly traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, as defined in Title 18 United States Code, Section § 2423(f), with another person under the age

of 18 years, all in violation of Title 18, United States Code, Section 2423(b), as set forth above, was also filed and made a part of the record. In connection therewith, it was noted for the record that the defendant's waiver of indictment was knowingly and voluntarily made with the advice and assistance of his counsel.

With the defendant's informed and written consent, the undersigned then made a Rule 11 inquiry; the government presented a written proffer of evidence for the purpose of establishing an independent basis for the defendant's plea, and the defendant entered a plea of guilty to a felony offense charged in Count One of the Information.

### DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

The defendant re-acknowledged that he had received a copy of the Information and fully understood the charge against him. He re-acknowledged that he was under oath and was obligated to testify truthfully in all respects under penalty of perjury and he re-acknowledged his understanding that the government had the right in a prosecution for perjury or false statement to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A). He stated that he had discussed the charge with his attorney and had been given enough time to do so. He stated that he understood the nature of the charge against him in the Information, and he specifically understood it charged a felony offense. *See* Rule 11(b)(1)(G). He testified that he had discussed any possible defenses with his attorney and that he had been given adequate time to prepare any defenses he might have to the charge. He stated that his decision to enter a plea of guilty to the charge had been made after consulting with his attorney and that he was fully satisfied with the services of his attorney.

He next stated that he understood he was in court for the purpose of entering a plea of guilty to a felony offense which he could not later withdraw. Upon inquiry, the defendant's attorney represented that he had no reservations about the defendant's competency to enter a plea of guilty to the felony offense charged in Count One of the Information.

The defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States district judge, and he gave his verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

Counsel for both parties having previously informed the court that the defendant's proposed plea was to be made pursuant to a written plea agreement (*see* Rule 11(c)(2)), counsel for the government then set forth the government's understanding of the plea agreement in some detail: including the agreement for the defendant to plead guilty to the charge alleged against him in the Information [¶A.1.]; the defendant's express acknowledgment of the maximum statutory fine and/or imprisonment for a term of 30 years and a mandatory term of supervised release of not less than 5 years and a maximum term of life, pursuant to 18 U.S.C. § 3583(k), for the offense charged in the Information [¶A.1.]; the defendant's acknowledgment that he may be required to pay restitution and that his assets may be subject to forfeiture [¶¶A.1. and B.5.a.]; the defendant's express admission of his factual guilt to the offense charged in the Information [¶A.1.]; the defendant's obligation to pay a $100.00 special assessment prior to entry of his guilty plea and the related restitution and assessment provision [¶¶A.1. and B.5.a.]; the defendant's acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶A.2.]; the agreement's provision outlining the fact that sentencing is within the sole discretion

of the court "subject to its consideration" of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) [¶B.1.]; the defendant's express recognition that he would not be allowed to withdraw his guilty plea irrespective of the sentence imposed by the court [¶ B.1.]; the defendant's express acknowledgment that he would not be eligible for parole during any term of incarceration and his express recognition that there is a substantial likelihood he will be incarcerated [¶ B.1.]; the defendant's stipulation that all matters pertaining to any of the counts of the charging document are relevant sentencing conduct [¶ B.2]; the parties' express agreement that the 2012 edition of the Sentencing Guidelines applied to the alleged offense, that a base offense level of 24 pursuant to guideline section 2G1.3(a) was applicable to the defendant's offense conduct and that a +2 offense level pursuant to guideline section 2G1.3(b)(2) was also applicable to the defendant's offense conduct [¶ B.2.]; the defendant's express acknowledgement of the government's retained right to argue that guideline section 2G1.3(b)(4) was applicable to his conduct and the terms and conditions of the government's retained right to argue that guideline 2G1.3(b)(1)(B) was also applicable to the defendant's offense conduct [¶B.2; *see* B.3.]; the defendant's express acknowledgment of the preconditions applicable to any obligation of the government either to recommend any sentence at the low end of the applicable guideline range or to refrain from seeking a sentence enhancement under guideline section 2G1.3(b)(1)(B) [¶B.2.]; the terms of the agreement's acceptance of responsibility provision [¶ B.2.]; the terms of the defendant's agreement to take a polygraph examination [¶B.3.];[1] the terms of the agreement's substantial assistance provision [¶ B.4.]; the defendant's monetary and related obligations, including the terms of his obligation to pay a mandatory assessment of $100.00 and to pay

---

[1] During the Rule 11 inquiry, the United States, by counsel, represented that the defendant had complied with his obligation to take a polygraph examination, that he had passed it, and that the government would, therefore, recommend a sentence at the low end of the applicable guideline range and would not seek a sentencing enhancement under guideline ¶ 2G1.3(b)(1)(B).

restitution of the entire scope of his criminal conduct [¶B.5.a.]; the terms of the defendant's monetary and financial disclosure obligations [¶ B.5.b.]; the scope of the defendant's express waiver of his right of direct appeal [¶C.1.]; the scope of the defendant's express waiver of his right to make any collateral attack on any judgment or sentence imposed by the court [¶C.2.]; the defendant's waiver without limitation of any right to access any records pertaining to the investigation or prosecution of this case [¶C.3.]; the defendant's abandonment of any seized property [¶C.5.]; the defendant's various additional duties [C.6.]; the remedies available to the government in the event of a breach of the agreement by the defendant [¶D.]; the defendant's acknowledgment that he had been effectively represented in this case [¶E.3.]; the parties express acknowledgment that the written plea agreement constituted the entire understanding between the parties and that it did not apply to any crimes or charges not addressed in the agreement [¶¶E.2.and E.4.]; and the substance of the agreement's other terms and provisions. *See* Rule 11(b)(1)(B)−(N) and 11(c)(1)−(3).

After which, the defendant was asked what his understanding of the terms of the agreement was, and he testified that his understanding was precisely the same as that set forth by the government's attorney. Counsel for the defendant, likewise, represented that his understanding was the same; he further represented that each of its terms had been reviewed with the defendant, and he stated that he was satisfied that the defendant understood all of its terms.

The defendant was then shown the plea agreement, and he affirmed it to be his signature on the document. He further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to enter a plea of guilty and that no one had attempted in any way to force him to plead guilty in this case. The agreement was then

7

received, filed and made a part of the record, and it was noted for the record that the written plea agreement constitutes the best evidence of its terms, and as such it "speaks for itself."

After the range of punishment for the offense charged in Count One of the Information had been outlined to the defendant; he acknowledged that he understood the maximum statutory penalty proved by law for conviction of said offense is confinement in a federal penitentiary for thirty (30) years, a $250,000 fine, and a supervised release term of not less than five (5) years nor more than life pursuant to 18 U.S.C. § 3583(k). *See* Rule 11(b)(H)-(I). In addition, the defendant re-acknowledged that he understood that he would be required to pay a mandatory $100.00 special assessment. *See* Rule 11(b)(1)(L).

The defendant then acknowledged that he knew his plea, if accepted, would result in him being adjudged guilty of a felony offense and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess any kind of firearm.

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence

disparities; and any need to provide for restitution. He also acknowledged that he understood the court may order him to make full restitution to any victim and may require him to forfeit certain property to the government. *See* Rule 11(b)(1)(J)–(K).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines and other factors under 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). He stated that he understood that the court will not be able to determine the recommended guideline sentence for his case until after the pre-sentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that he knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and he knew that irrespective of any sentence imposed by the court he would have no right to withdraw this guilty plea. *See* Rule 11(c)(3)(B). He acknowledged that he knew parole had been abolished and that he would not be released on parole. He further acknowledged that he knew and understood any sentence of incarceration imposed by the court would also include a mandatory period of "supervised release" (as outlined in the plea agreement), and he knew any violation of the terms or conditions of such supervised release could result in his being returned to prison for an additional period of time. *See* Rule 11(b)(1)(H).

Pursuant to the terms of the plea agreement [¶D.1.], the defendant expressly acknowledged that he understood that he was giving-up all waivable rights to appeal. Likewise,

9

pursuant to the terms of the plea agreement [¶D.2.], he expressly acknowledged that he understood he was giving-up all waivable rights to challenge his conviction or his sentence in any post-conviction proceeding.

Each of his procedural rights surrendered on a plea of guilty was also explained: including, his right to plead not guilty to any offense charged against him and his right to persist in any such not guilty plea; his attendant right to a trial by an impartial jury; his right to counsel to assist in his defense; his presumption of innocence, the obligation of the government to prove his guilt beyond a reasonable doubt; his right at trial to see, to hear, to confront, and to have cross-examined all witnesses presented against him; his right to decline to testify unless he voluntarily elected to do so in his own defense; his right to remain silent; his right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in his defense; and his right to a unanimous guilty verdict. *See* Rule 11(b)(1)(B)–(E). The defendant testified that he understood his right to plead not guilty and the attendant trial rights that he would waive by pleading guilty. *See* Rule 11(b)(1)(F).

The defendant acknowledged that in the event he received a more severe sentence than he expected or the court did not accept any sentencing recommendation by the government, he would still be bound by his guilty plea and would have no right to withdraw it.

In direct response to further questioning, the defendant also testified that he was pleading guilty to the offense charged in Count One of the Information because he in fact traveled in interstate commerce for the purpose of engaging illicit sexual conduct with another person under the age of 18 years as alleged in the Information.

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, counsel for the government submitted for filing as part of the record a written Statement of Facts which summarized the facts that the government was prepared to prove at trial to establish the offense charged against this defendant in Count One of the Information. The defendant and his counsel each represented that the defendant had reviewed it, was fully aware of its contents, had signed it, and did not contest any of the facts set forth therein. With the signature of the defendant and with the acknowledgment of the defendant and his attorney that the written Statement of Facts fairly summarized the government's case, it was received, filed and made a part of the record. *See* Rule 11(b)(3).

After testifying that he had heard and understood all parts of the proceeding and after consulting further with his attorney, the defendant stated that he remained ready to plead guilty pursuant to the terms of the plea agreement. By counsel, the defendant waived his right to a reading of the Information. Upon being then called-upon for his plea, the defendant entered a plea of GUILTY to the offense charged in Count One alleging his violation of Title 18 United States Code, Section 2423(b). The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering his plea of guilty and after an independent basis for the plea was established, the defendant was again addressed personally. He reconfirmed that his decision to plead guilty was fully voluntary and that it did not result from any force, threats, promises of leniency or other inducement of any kind (other than that expressly set forth in the plea

agreement). *See* Rule 11(b)(2). The defendant also reconfirmed his complete satisfaction with the services and assistance of his attorney.

The defendant was then informed that acceptance of the plea agreement and his guilty plea would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the pre-sentence report and to file objections to it. The defendant was then remanded to the custody of the United States Marshal, and pursuant to defendant's motion he was ordered returned to the custody of the Commonwealth of Virginia for continued incarceration at Augusta Correctional Center pending preparation of a pre-sentence report and acceptance of his guilty plea.

## GOVERNMENT'S EVIDENCE

The written Statement of Facts referenced above is incorporated herein and made a part hereof by reference.

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and the defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant's waiver of grand jury presentment was knowingly and voluntarily made with the advice and assistance of counsel and fully complies with Rule 7(b);

2. The defendant is fully competent and capable of entering an informed plea to the charge set forth in Count One of the Information;

3. The defendant is fully aware of the nature of the charge set forth in Count One, and he is also fully aware of the consequences of his guilty plea to said offense;

4. The defendant is fully informed, and he understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(N);

5. The defendant's plea of guilty was made pursuant to a fully voluntary written plea agreement;

6. The defendant's entry into the plea agreement and his tender of a plea of guilty pursuant to the terms of the plea agreement were both made with the advice and assistance of counsel;

7. The defendant knowingly and voluntarily entered his said plea of guilty;

8. The defendant's plea of guilty did not result from force, threats, inducements or promises other those promises contained in the written plea agreement;

9. The plea agreement complies with the requirements of Rule 11(c)(1); and

10. The evidence presents an independent basis in fact containing each essential element of the offense to which the defendant has entered a plea of guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court ACCEPT the plea agreement, that the court ACCEPT the defendant's plea of guilty to the offense charged in Count One of the Information, that the defendant be ADJUDGED GUILTY of the said felony offense, and that a sentencing hearing be held on November 20, 2013 beginning at 9.:30 a.m. before the presiding district judge.

## NOTICE TO PARTIES

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by

the rules of court.  The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made.  The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned.  The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions.  **A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED:  This 4th day of September 2013.

<u>s/   *James G. Welsh*</u>
United States Magistrate Judge